# Fleishman, Appellant, *v.* Swentek.

*Landlord and tenant—Illegal distress—Lease—Evidence.*

In an action to recover damages for illegal distress for rent it appeared that the plaintiff purchased a stock of goods from a former tenant and went into possession of the building. There was evidence that the landord had made a new lease with plaintiff, under the terms of which no rent was due at the time of the distress, and there was also proof of facts consistent with an intention on the part of the landlord to accept the plaintiff as a tenant from month to month. The defendant, however, testified that he had made no new arrangement, and that he had refused to do so. *Held,* that the case was for the jury, and that a verdict and judgment for defendant should be sustained.

Argued March 2, 1909. Appeal, No. 255, Jan. T., 1908, by plaintiff, from judgment of C. P. Montour Co., Dec. T., 1903, No. 38, on verdict for defendant in case of Simon Fleishman v. Paul P. Swentek. Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Trespass to recover damages for illegal distress. Before EVANS, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in refusing binding instructions for defendant.

*H. M. Hinckley,* with him *Edward Sayre Gearhart,* for appellant.

*Grant Herring,* with him *William Kase West, S. P. Wolverton,* and *S. P. Wolverton, Jr.,* for appellee.

PER CURIAM, April 12, 1909:

This action was to recover damages for illegal distress and sale of the plaintiff's goods. The defendant leased a store building to Dreifuss, who during the term sold his stock of

goods to the plaintiff, who went into possession of the building. It was not disputed that under the terms of the lease to Dreifuss the goods were liable to distress. The plaintiff's contention at the trial was that he was not bound by the Dreifuss lease, but that he had made a new arrangement with the defendant and had become a tenant under a verbal lease by the terms of which no rent was due. Upon this issue the case was submitted to the jury. The assignments of error are based on the proposition that there was not sufficient evidence that the plaintiff occupied the building under Dreifuss to warrant the submission of that question to the jury. This contention is not sustained by the record. There was testimony tending to show that a new lease was made and proof of facts consistent with an intention on the part of the defendant to accept the plaintiff as a tenant from month to month; but the defendant testified that he had made no new arrangement and that he had refused to do so. This raised an issue that was necessarily for the jury.

The judgment is affirmed.